THE CONNECTICUT FIRE INS. CO. *v.* HIRST.

(Decided June 27, 1927.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.
*Mr. Simon L. Leis,* for defendant in error.

HAMILTON, P. J. This was a suit on a fire insurance policy. Defendant in error, who was plaintiff in the municipal court, claimed a loss by fire, under the terms of his policy, the damage occurring to his electric automobile.

The insurance company, plaintiff in error here, contends there was no fire, but that the damage was

caused by electrical current without a fire.

Neither the plaintiff nor any one testifying in his behalf saw flame or glow, but did see volumes of smoke. The physical evidence is that the insulation of the wiring was all burned off, and that the coils and other electrical equipment were destroyed. There is evidence that the damage was started by a short circuit.

An expert witness for the defense testified in answer to the question of counsel as to whether or not the condition was caused by fire. The answer was:

"There is no way of telling, owing to the insulation being gone. If the insulation were intact, it would be very easy to tell what the damage was caused by."

It is argued that there was no visible heat or light necessary to come within the meaning of the word "fire"; that there should have been a flame or glow. Whether or not there was such a flame, or glow, or heat, or light, it is not possible to ascertain, in view of the fact that there was no one present to see it.

We are of the opinion that the evidence that the insulation was all burned off or destroyed, that the coils were destroyed, that there were large volumes of smoke issuing from the car, and that the fire, if such it be, was extinguished by a garage man with a fire extinguisher is sufficient to warrant the judgment of the trial court, and that judgment is affirmed, as is the judgment of the court of common pleas, affirming the judgment of the municipal court.

*Judgment affirmed.*

CUSHING, J., concurs.

BUCHWALTER, J., not participating.